UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

BREON MCINTOSH, *et al.*,

    Defendants.

Case No. 25-cv-10193
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF No. 6)

In this action, Plaintiff United of Omaha Life Insurance Company seeks a declaratory judgment "regarding the eligibility of beneficiaries to receive death benefits" pursuant to a "whole life insurance policy" following the death of Andricka N. McIntosh. (Compl., ECF No. 1, PageID.2.) Plaintiff served its Complaint on Defendant Breon McIntosh on January 31, 2025. (*See* Certificate of Service, ECF No. 5.) However, Plaintiff has not been able to serve Defendant Taunya M. Sims.

Accordingly, on March 6, 2025, Plaintiff filed a motion for alternate service. (*See* Mot., ECF No. 6.) In that motion, Plaintiff asks the Court for permission to serve Sims by (1) registered or certified mail with restricted delivery and a return receipt requested, (2) publishing a copy of the order in a newspaper, or (3) posting a

1

copy of the order in the courthouse and other public places. (*See id.*, PageID.28-30.) For the reasons explained below, Plaintiff's motion is **GRANTED**.[1]

# I

## A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

2

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that Plaintiff's motion, supported by the proof of non-service and affidavit of its process server (*see* ECF Nos. 6-2, 6-3), satisfies the requirements for alternative service described above. First, Plaintiff has sufficiently shown that service of Sims "cannot reasonably be made" under the usual methods

for service of an individual under the Michigan Court Rules. Mich. Ct. Rule 2.105(I)(1). Plaintiff has attempted to personally serve Sims on nine separate occasions, all without success. (*See* Plaintiff's Proof of Non-Service, ECF No. 6-2; Affidavit of Process Server, ECF No. 6-3.)

Second, as required under Michigan Court Rule 2.105(2), Plaintiff submitted a motion that is dated within 14 days of filing, and it was supported by the affidavit of its process server and other evidence. (*See* Mot., ECF No. 6.) The motion and supporting documents provided evidence that Plaintiff has not been able to successfully serve Sims despite diligent efforts. The motion also includes Sims's last known address. (*See* ECF Nos 6-2, 6-3.)

Finally, the ways in which the Court will require Plaintiff to serve Sims – *i.e.*, by First Class and Certified Mail (return receipt requested), by publishing a copy of the order in a newspaper, and by posting a copy of the order in the courthouse and at least two or more other public places – are "reasonably calculated to give [Sims] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, Plaintiff's motion for alternative service (ECF No. 6) is **GRANTED** as follows: Plaintiff shall serve Sims by the following methods:

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via First Class and Certified Mail (return receipt requested), to Sims's residential address identified in Plaintiff's motion;

- Publishing a copy of (1) the Summons, (2) the Complaint, and (3) this order once each week for three consecutive weeks in a newspaper in the county where Sims resides pursuant to the procedure set forth in Mich. Ct. R. 2.106(D); and

- Posting a copy of (1) the Summons, (2) the Complaint, and (3) this order in the courthouse and two or more other public places for three continuous weeks pursuant to the procedure set forth in Mich. Ct. R. 2.106(E).

Plaintiff shall also file a Certificate of Service with the Court after it serves Sims as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126