UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

     Plaintiff,

v.

BREON McINTOSH, *et al.*,

     Defendants.

Case No. 25-cv-10193
Hon. Matthew F. Leitman

_____/

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS (1) FOR A DEFAULT JUDGMENT AGAINST DEFENDANT BREON McINTOSH (ECF No. 15) AND (2) TO PERMIT DISCOVERY (ECF No. 16)

In 2024, Defendant Breon McIntosh was convicted in state court of murdering his wife, Andricka N. McIntosh. (*See* Compl. at ¶ 10, ECF No. 1, PageID.4.)   At the time of her death, Andricka had a $200,000 life insurance policy issued by Plaintiff United of Omaha Life Insurance Company (the "Policy"). (*See id.* at ¶ 7, PageID.3.)  Following Breon's conviction, United of Omaha filed this declaratory judgment action.  It seeks (1) "an immediate declaration from this Court that [Breon] is not eligible to receive death benefits under [Mich. Comp. Laws §] 700.2802 … insofar as he was the primary beneficiary under the Policy and was convicted of second-degree murder in connection with [Andricka's] death" and (2) "a declaration as to whether [Andricka] made any material misrepresentations in the application

for the Policy and, as a result, whether any listed beneficiaries are entitled to the benefits under the Policy." (*Id.* at ¶ 1, PageID.2.)  In addition, United of Omaha "seeks to investigate, as part of the Policy's two-year contestability period, whether [Andricka] was the individual that completed the application for and took out the Policy." (*Id.*)  United of Omaha brings this action against (1) Breon McIntosh and (2) Taunya M. Sims, "the purported custodial guardian of [the] contingent beneficiaries" under the Policy. (*Id.* at ¶ 4, PageID.3.)  Neither Breon nor Sims have appeared in this action.  Accordingly, United of Omaha sought, and the Clerk of the Court entered, defaults against both Defendants. (*See* Defaults, ECF Nos. 10, 14.)

Now pending before the Court are two motions filed by United of Omaha: (1) a motion for default judgment as to Breon and (2) a motion to permit discovery arising out of United of Omaha's right under Michigan law to contest payment under the Policy. (*See* Mots., ECF Nos. 15, 16.)  The Defendants have not filed responses to either motion. For the reasons explained below, the Court **GRANTS** both motions.[1]

## I

The Court begins with the motion for default judgment against Breon McIntosh.  "To grant default judgment, the Court must ensure that (1) it has both

---

[1] The Court concludes that it may resolve the motions without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

subject matter jurisdiction over the claim and personal jurisdiction over [Breon], (2) [Breon was] properly served, and (3) [United of Omaha] is entitled to the relief sought." *Pathward, NA v. Inlet Trucking, Inc.*, 2025 WL 2014371, at *1 (E.D. Mich. July 17, 2025).  All of those requirements are met here.  The Court has both subject-matter jurisdiction over this action (based on the amount in controversy and the diversity of the parties) and personal jurisdiction over Breon (a Michigan citizen). Second, United of Omaha properly served Breon with the Complaint. (*See* Certificate of Service, ECF No. 5.)  It also served him with a copy, by United States Mail, of its motion for default judgment. (*See* Mot., ECF No. 15, PageID.67.)  And Breon has not responded to either filing or contacted the Court to ask for additional time to respond.  Finally, for all of the reasons explained in United of Omaha's motion, United of Omaha is entitled to its requested default judgment.  Indeed, by virtue of not responding to the Complaint and being defaulted, Breon has "conceded the truth of the well-pled allegations in [United of Omaha's] complaint." *Pathward*, 2025 WL 2014371, at *1. *See also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Once a default has been entered by the Clerk's Officer, … a plaintiff's well-pleaded factual allegations are deemed admitted.").

For all of these reasons, United of Omaha's motion for a default judgment against Breon McIntosh (ECF No. 15) is **GRANTED**.  United of Omaha shall

submit a proposed default judgment to the Court by no later than **December 15, 2025**.

## II

The Court next turns to United of Omaha's motion to permit discovery. (*See* Mot., ECF No. 16.)  In that motion, United of Omaha explains that under Michigan law, "an insurance policy is contestable for a period of two years from its date of issue." (*Id.*, PageID.75, citing Mich Comp. Laws § 500.4208).  And it argues that it needs discovery to determine if it has the right to contest payment under the Policy. More specifically, United of Omaha seeks discovery into (1) whether the decedent, Andricka McIntosh, actually took out the life insurance policy issued in her name and (2) whether there were "potential misrepresentations or fraud that may render the Policy void or rescindable." (*Id.*)  Finally, United of Omaha explains that it "requires the subpoena power of this Honorable Court to obtain the medical records and notice depositions necessary to complete its contestability review, and to properly investigate whether [Andricka] was, in fact, the individual that applied for and obtained the Policy." (*Id.*)

United of Omaha served its motion for discovery on the Defendants by United States Mail on May 13, 2025. (*See id.*, PageID.78.)  Neither Defendant has responded to the motion nor contacted the Court to ask for additional time to respond to the motion.  For all of the reasons explained in the motion, the Court concludes

that it is appropriate to allow United of Omaha to conduct the discovery it requests.

The motion to permit discovery (ECF No. 16) is therefore **GRANTED**.

    **IT IS SO ORDERED.**

                  s/Matthew F. Leitman
                  MATTHEW F. LEITMAN
                  UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2025

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2025, by electronic means and/or ordinary mail.

                  s/Holly A. Ryan
                  Case Manager
                  (313) 234-5126